UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| (1) DC OPERATING, LLC, dba "DREAMS",<br>(2) Nuvia Heidi Medina,<br>(3) Michelle Corral<br>    Plaintiffs, | § § § § § § | |
| vs. | § § | EP-22-CV-00010-FM |
| (1) Ken Paxton, in his official capacity as Attorney General of the State of Texas;<br><br>(2) Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission;<br><br>(5) Richard D. Wiles, in his official capacity as Sheriff of El Paso County, Texas.<br>    Defendants. | § § § § § § § § § § § § § | |

PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR LEAVE TO FILE AMENDED PLEADING

Plaintiffs DC Operating, LLC (1), Nuvia Heidi Medina (2), and Michelle Corral (3) requests leave of court to file an amended *Plaintiffs' First Amended Original Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act and for Damages*.

## A.  INTRODUCTION

1. **Plaintiffs are** DC Operating, LLC (1), Nuvia Heidi Medina (2), and Michelle Corral (3).

    **Defendants are** Defendant (1) Ken Paxton, in his official capacity as Attorney General of the State of Texas; Defendant (2) Ed Serna, in his official capacity as Executive Director of the Texas Workforce Commission, and Defendant (5) Richard D. Wiles, in his official capacity as Sheriff of El Paso County, Texas.

2. Plaintiffs sued Defendants challenging Texas Senate Bill 315 for violating freedom of speech and right to association, a First Amendment right.

## B.  ARGUMENT

5. Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

▸ Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182; *C.F. v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

▸ This amendment is sought on the proposed scheduling-order deadline of May 5, 2022. The amendment should be freely given because justice so requires. *See* Fed. R. Civ. P. 15(a)(2).

6. The Court should allow the filing of Plaintiffs' amended pleading because they are appropriate and necessary. On March 24, 2022, and April 15, 2022, Defendant Sheriff Wiles conducted and/or his subordinates, Gestapo-type raids on the premises of "Dreams" and conducted Gestapo-type raids that completely disrupted Plaintiff "Dreams'" business causing irreparable harm and damages to Plaintiffs. *See Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255–56 (8th Cir. 1994).

7. The Court should allow the filing of Plaintiffs' amended pleading because Defendants will not be prejudiced by the amended pleading. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *Klunder v. Brown Univ.*, 778 F.3d 24, 34–35 (1st Cir. 2015); *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118–19 (4th Cir. 2013).

8. The Court should allow the filing of Plaintiffs' amended pleading because Plaintiffs are not guilty of undue delay. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 117–18 (4th Cir. 2013); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs diligently moved to amend as soon as it became apparent that the amendment was necessary. *See Arreola v. Godinez*, 546 F.3d 788, 795–96 (7th Cir. 2008); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985).

9. The Court should allow the filing of Plaintiffs' amended pleading because Defendants will not be prejudiced by any delay that Plaintiffs amended pleading may cause. *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985).

10. The Court should allow the filing of Plaintiffs' amended pleading because the Court will not be substantially burdened by any delay that Plaintiffs amended pleading may cause. See *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

11. The Court should allow the filing of Plaintiffs' amended pleading because Plaintiffs are not guilty of bad faith. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

12. The Court should allow the filing of Plaintiffs' amended pleading because the amendment is not futile. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

13. Plaintiffs are filing their amended pleading along with this motion. (Exhibit P-1)

## C. CONCLUSION

WHEREFORE, Plaintiffs pray for an order authorizing Plaintiffs to file their amended complaint, and a copy of the proposed pleading is annexed hereto.

Plaintiffs ask the Court to grant leave to file the amended pleading because of the Gestapo-type raids by Defendant Sheriff Wiles and/or his subordinates proximately caused all their damages.

For all of the above reasons, Plaintiffs ask the Court to grant leave to file the amended pleading.

Respectfully submitted,

Eduardo N. Lerma, Sr.
1417 Montana Avenue
El Paso, Texas 79902-5617
Tel. (915) 533-0177

   /S/  Eduardo N. Lerma, Sr.
Eduardo N. Lerma, Sr.
Texas Bar No. 12221300
*enl1417@aol.com*
Attorney for Plaintiffs

## CERTIFICATE OF CONFERENCE

This is to certify that prior to the filing of the foregoing motion that the undersigned defense counsel conferred with opposing attorneys in regard to this motion who stated that they oppose the motion.

- **Ryan G. Kercher**, lead attorney for Defendant Ken Paxton (1) and for Defendant Ed Serna (2), in his official capacity as Executive Director of the Texas Workforce Commission — via *ryan.kercher@oag.texas.gov*.

- **Ruben Gabriel Duarte,** lead attorney for Defendant Richard D. Wiles (5), in his official capacity as Sheriff of El Paso County, Texas — via *rduarte@epcounty.com*.

S/  Eduardo N. Lerma, Sr. ____
**Eduardo N. Lerma, Sr.**
Texas Bar no. 12221300
enl1417@aol.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on May 05, 2022, a true and correct copy of *Plaintiffs' Motion for Leave of Court to File Plaintiffs' Motion to Amend Pleading* was served, in accordance with Federal Rules of Civil Procedure to the parties of record listed below by electronic delivery through the e-filing system which will cause the parties to be noticed:

- **Ryan G. Kercher**, lead attorney for Defendant Ken Paxton (1) and for Defendant Ed Serna (2), in his official capacity as Executive Director of the Texas Workforce Commission — via *ryan.kercher@oag.texas.gov*.

- **Ruben Gabriel Duarte,** lead attorney for Defendant Richard D. Wiles (5), in his official capacity as Sheriff of El Paso County, Texas — via *rduarte@epcounty.com.*

/S/ Eduardo N. Lerma, Sr. \_\_\_
**Eduardo N. Lerma, Sr.**
Texas Bar no. 12221300
enl1417@aol.com
*Attorney for Plaintiffs*

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| County of El Paso | § | **ATTORNEY VERIFICATION** |

**Before me,** the undersigned Notary Public, on this day personally appeared EDUARDO N. LERMA, SR., who after having been by me duly cautioned and sworn, deposes and states to me upon oath the following:

"I am the attorney of record for Plaintiffs DC Operating, LLC (1), Nuvia Heidi Medina (2), and Michelle Corral (3), in the above numbered and entitled proceeding and submit this affidavit in support of *Plaintiffs' Motion for Leave of Court to File Plaintiffs' Motion to Amend Pleadings*.

"I have read all of the above as set forth above and state that the facts contained therein are true and correct and within my personal knowledge."

Affiant:   Eduardo N. Lerma, Sr.

Subscribed and Sworn to Before me on this 04th day of May 2022, to certify which witness my hand and official seal.

TERESA CORRAL
Notary ID #4099497
My Commission Expires
October 19, 2024

**Notary Public** *the State of Texas*
My commission expires October 19, 2024

5