UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DC OPERATING, LLC d/b/a DREAMS; | § | |
| NUVIA HEIDI MEDINA; and | § | |
| MICHELLE CORRAL, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **EP-22-CV-00010-FM** |
| | § | |
| KEN PAXTON, in His Official Capacity | § | |
| as Attorney General of the State of Texas; | § | |
| ED SERNA, in His Official Capacity as | § | |
| Executive Director of the Texas | § | |
| Workforce Commission; UNKNOWN | § | |
| COMMISSIONER OF THE TEXAS | § | |
| DEPARTMENT OF LICENSING AND | § | |
| REGULATION; RICHARD D. WILES, | § | |
| in His Official Capacity as Sheriff of El | § | |
| Paso County, Texas; and RICARDO A. | § | |
| SAMANIEGO, in His Official Capacity as | § | |
| County Judge of El Paso County, Texas, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING MOTIONS TO DISMISS

Before the court are "Defendants Ricardo A Samaniego's and Richard Wiles', in Their

Official Capacities, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" ("County Defendants'

Motion") [ECF No. 4], filed January 11, 2022 by Ricardo A. Samaniego, in his official capacity

as County Judge of El Paso County, Texas[1] and Richard Wiles, in his official capacity as Sheriff

of El Paso County, Texas (collectively, "County Defendants"); "State Defendants' Motion to

Dismiss" ("State Defendants' Motion") [ECF No. 7], filed January 11, 2022 by Ed Serna in his

official capacity as Executive Director of the Texas Workforce Commission; and Ken Paxton, in

---

[1] In "Partial Order of Dismissal" [ECF No. 15], the court dismissed Defendant Ricardo A. Samaniego due to Plaintiffs' failure to plead allegations against him. As such, the court does not address claims or arguments only made with respect to him.

1

his official capacity as Attorney General of the State of Texas; (collectively, "State Defendants"); and "Plaintiffs' Joint Response to Defendants' Motions to Dismiss" ("Response") [ECF No. 22], filed February 23, 2022 by DC Operating, LLC; Nuvia Heidi Medina; and Michelle Corral (collectively, "Plaintiffs").  County Defendants and State Defendants move to dismiss Plaintiffs' first amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6).[2]  Upon due consideration of the County Defendants' Motion, State Defendants' Motion, Response, and applicable law, the Motions are **GRANTED**.

## I.    BACKGROUND

### A.    Senate Bill 315

This action arises out of the Texas Legislature's enactment of Senate Bill 315 ("S.B. 315").[3]  S.B. 315 is a law "relating to restrictions on the age of persons employed by or allowed on the premises of a sexually oriented business; creating a criminal offense."[4]  Texas law defines sexually oriented businesses as any:

> sex parlor, nude studio, modeling studio, love parlor, adult bookstore, adult movie theater, adult video arcade, adult movie arcade, adult video store, adult motel, or other commercial enterprise the primary business of which is the offering of a service or the selling, renting, or exhibiting of devices or any other items intended to provide sexual stimulation or sexual gratification to the customer.[5]

S.B. 315 amended various portions of existing Texas laws to effectively raise the minimum legal age for working in a sexually oriented business from 18 to 21.  First, Section 5 of S.B. 315 amended Chapter 125 of the Texas Civil Practice & Remedies Code to make it a

---

[2] "Defendants Ricardo A Samaniego's and Richard Wiles', in Their Official Capacities, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" ("Cnty. Def. Mot.") 2, ECF No. 4, filed Jan. 11, 2022; "State Defendants' Motion to Dismiss" ("State Def. Mot.") 10, ECF No. 7, filed Jan. 11, 2022.

[3] TEX. S.B. 315, 87TH LEG. R.S. (2021).

[4] *Id.*

[5] TEX. LOC. GOV'T CODE § 243.002.

common nuisance to "employ[] or enter[] into a contract for the performance of work or the provision of a service with an individual younger than 21 years of age for work or services performed at a sexually oriented business as defined by Section 243.002 of the Local Government Code."[6]  Second, Section 6 of S.B. 315 amended several provisions of Chapter 51 of the Texas Labor Code, which regulates "Employment of Children," to provide that "[a] sexually oriented business may not employ or enter into a contract . . . for the performance of work or the provision of a service with an individual younger than 21 years of age."[7]  A violation of this provision now constitutes a Class A misdemeanor subject to a one-year jail sentence, administrative penalties, or a suit for injunctive relief brought by the attorney general of Texas.[8] Finally, Section 8 of S.B. 315 amended Texas Penal Code Section 43.251 by changing its definition of "child" to mean "a person younger than 21 years of age."[9]  As a result, a person who "employs, authorizes, or induces" someone under 21-years-old to work in or with a sexually oriented business is subject to felony charges.[10]  S.B. 315 was enacted based on the need to "provide necessary mechanisms to safeguard our communities and children from trafficking and sexual exploitation, which are often harmful secondary effects of sexually oriented businesses."[11]

---

[6] TEX. S.B. 315, § 5, 87TH LEG. R.S. (2021) (amending TEX. CIV. PRAC. & REM. CODE § 125.0015(a)(19), (22)).

[7] TEX. S.B. 315, § 6, 87TH LEG. R.S. (2021) (amending TEX. LAB. CODE § 51.016(b)).

[8] TEX. S.B. 315, § 7, 87TH LEG. R.S. (2021).

[9] TEX. S.B. 315, § 8, 87TH LEG. R.S. (2021) (amending TEX. PENAL CODE § 43.251(a)(1)).

[10] Id. at § 43.251(a)–(c).

[11] SENATE RESEARCH CENTER, BILL ANALYSIS, TEX. S.B. 315, 87TH LEG. R.S. (2021).

> B.    *Factual Background*

Plaintiff DC Operating LLC, doing business as Dreams, is a non-alcohol, all-nude, adult cabaret entertainment club in El Paso, Texas. [12]  Dreams qualifies as a sexually oriented business.  Plaintiffs Nuvia Heidi Medina ("Medina") and Michelle Corral ("Corral") are exotic dancers under 21-years-old currently employed by Dreams.[13]

Defendant Ken Paxton is the Attorney General of Texas.[14]  As such, he is specifically authorized to enforce Chapter 125 of the Texas Civil Practice & Remedies Code and Chapter 51 of the Texas Labor Code.[15]  Defendant Ed Serna is the Executive Director of the Texas Workforce Commission ("Commission").[16]  He is charged with the agency's day-to-day operations, including implementing policies set by the Commission and enforcing the Labor Code.[17]  Defendant Unnamed Commissioner of the Texas Department of Licensing and Regulation issues licenses.[18]  Lastly, Defendant Richard D. Wiles is the El Paso County Sheriff.[19]  Sheriff Wiles' duty in relation to this action concerns issuing exotic dancers' licenses to perform in cabaret venues in El Paso County, Texas and enforcing the Texas Penal Code.[20]

---

[12] *See* "Supplemental Index of Documents Filed" ("Index") 42, 57, ECF No. 3, filed Jan. 10, 2022.

[13] Index 115–25.

[14] *Id*. 42–43.

[15] *Id*.

[16] *Id*. 43.

[17] *Id*.

[18] *Id*.

[19] *Id*.

[20] *Id*.

C.      *Procedural Background*

On December 13, 2021, Plaintiffs filed "Plaintiffs' Original Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act" in state court alleging S.B. 315 violates both the Texas Constitution and United States Constitution.[21]  On December 19, 2021, Plaintiffs filed their "First Amended Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act" raising the identical allegations and requesting the identical relief.[22]  On January 4, 2022, Defendants removed this cause to federal court.[23]  On January 11, 2022, County Defendants filed County Defendants' Motion[24] and State Defendants filed State Defendants' Motion.[25]  Plaintiffs filed their Response on February 23, 2022.[26]  Between the time County and State Defendants' Motions were filed, the court held a Temporary Injunction Hearing via Zoom Video Conference.[27]  After consideration of the parties' arguments, the court entered "Order Denying Plaintiffs' Request for a Preliminary Injunction" [ECF No. 21], finding Plaintiffs' failed to establish a likelihood of success on the merits for each of their claims.[28]

---

[21] "Notice of Removal" ("Not. Removal") 1, ECF No. 1, filed Jan. 4, 2022, "Original Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act" 4, ECF No. 1-5, Ex. 1.  The court uses the ECF page numbering, not the distinct document's numbering, for purposes of citing to documents in ECF 1-5.

[22] Index 38.

[23] Not. Removal 1.

[24] Cnty. Def. Mot. 1.

[25] State Def. Mot. 1.

[26] "Plaintiffs' Joint Response to Defendants' Motions to Dismiss" ("Resp.") 1, ECF No. 22, filed Feb. 23, 2022.

[27] *See* "Jan. 20, 2022 Hr'g Tr." ("Hr'g Tr.") 1, ECF No. 20, entered Feb. 4, 2022.

[28] *See* "Order Denying Plaintiffs' Request for a Preliminary Injunction" 23, ECF No. 21, entered Feb. 17, 2022.

After the filing of County Defendants' Motion and State Defendants' Motion, Defendant Ricardo A. Samaniego and Defendant Unnamed Commissioner of the Texas Department of the Licensing and Regulation were dismissed as parties to this cause as Plaintiffs conceded neither played a role in the enforcement of the statute at issue.[29]

D.    *Parties' Arguments*

Plaintiffs challenge the constitutionality of S.B. 315, alleging S.B. 315's amendments transgress the United States Constitution's First Amendment guarantees of freedom of speech and association, Fourteenth Amendment's Equal Protection Clause and Due Process Clause, and the Texas Constitution's equivalent provisions.[30]   Further, Plaintiffs contend S.B. 315 renders the Texas statutes it amended fatally vague and overbroad.[31]   Plaintiffs request declaratory and injunctive relief against enforcement of S.B. 315 by Defendants.[32]

County Defendants argue Plaintiffs' amended complaint should be dismissed pursuant to Rule 12(b)(1) as Plaintiffs lack standing to challenge the constitutionality of state laws against County Defendants as they do not have the authority to enact state law.[33]   Additionally, County Defendants contend they should be dismissed as parties according to Rule 12(b)(1) as they are not liable due to the protection of sovereign immunity nor liable under the doctrine of municipal liability.[34]

---

[29] "Partial Order of Dismissal" 1, ECF No. 15, entered Jan. 25, 2022.

[30] Index 54.

[31] *Id*.

[32] *Id*. 76–80.

[33] Cnty. Def. Mot. 5–6.

[34] *Id*. 10–13.

State Defendants contend Plaintiffs' claims against an unnamed Commissioner of the Texas Department of Licensing and Regulation in his/her official capacity fail under both Rules 12(b)(1) and 12(b)(6) as Plaintiffs have failed to adequately identify any defendant.[35]  Further, State Defendants argue Plaintiffs have failed to state a claim for relief under the First and Fourteenth Amendments to the United States Constitution and the Texas Constitution's equivalent provisions.[36]

Plaintiffs contend the motions to dismiss should be denied as "[t]his is a case of first impression" due to the "different set of facts not before presented to the federal courts."[37] Additionally, Plaintiffs distinguish their case from "the Austin case" relied on by Defendants as that case concerned an alcohol-selling establishment, but the establishment here is a non-alcohol establishment.[38]  The court concludes, after due consideration, Plaintiffs' Response does little to advance any of their arguments.  Plaintiffs fail to plead more factual allegations or make substantive legal argument, leading the court to rely on their amended Petition.

## II.   <u>LEGAL STANDARDS</u>

### A.      *Federal Rule of Civil Procedure 12(b)(1)*

Rule 12(b)(1) requires dismissal of a complaint for lack of subject-matter jurisdiction.[39] Federal courts are courts of limited jurisdiction.[40]  A case must be dismissed for lack of subject

---

[35] State Def. Mot. 10–14.  In "Partial Order of Dismissal" [ECF No. 15], the court dismissed Defendant Unnamed Commissioner of the Texas Department of Licensing and Regulation due to Plaintiffs' failure to plead allegations against them.  As such, the court does not address claims or arguments only made with respect to them.

[36] *Id*. 14–29.

[37] Resp. 10.

[38] *Id.* 11.

[39] FED. R. CIV. P. 12(b)(1).

[40] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it.[41]

The plaintiff bears the burden of establishing jurisdiction to grant the relief requested.[42]  A

motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears

certain the plaintiff cannot prove any set of facts in support of their claim that would entitle them

to relief.[43]  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the

court should consider jurisdictional attack before addressing any attack on the merits.[44]

> B.      *Federal Rule of Civil Procedure 12(b)(6)*

Rule 12(b)(6) allows dismissal of a complaint for "failure to state a claim for which relief

can be granted."  "[T]he central issue is whether, in the light most favorable to the plaintiff, the

complaint states a valid claim for relief."[45]  To survive a motion to dismiss, a plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face."[46]  "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully."[47]  "[F]acial plausibility" exists "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."[48]  Therefore, a complaint is not required to set out "detailed factual

---

[41] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[42] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

[43] *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998).

[44] *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

[45] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (internal quotation marks and citation omitted); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[46] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[47] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[48] *Id*. (citing *Twombly*, 550 U.S. at 556).

allegations," but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[49]  Although the court must accept well-pleaded allegations in a complaint as true, it does not afford conclusory allegations similar treatment.[50]

## III.   DISCUSSION

### A.    County Defendants' Sovereign Immunity

The County Defendants argue Plaintiffs lack standing to bring the present suit as the county sheriff does not have "the authority to enact state laws."[51]  They further argue "there is no real controversy . . . which can actually be determined by the relief sought by Plaintiffs."[52]  In support, the County Defendants cite to both the Texas Constitution and Rule 12(b)(1).  Despite the County Defendants' citations, their arguments appear to be not that Plaintiffs lack standing but that County Defendants are shielded from suit due to the doctrine of state sovereign immunity.  The court analyzes the County Defendants' arguments under the state sovereign immunity doctrine as they claim they "do not have the authority to enact state laws as that duty is provided solely to the legislative branch of the State of Texas."[53]  Additionally, the County Defendants emphasize they "have not enacted laws affecting Plaintiff because they cannot do so."[54]  These arguments are framed in language that suggests the County Defendants are shielded from suit, not in language that argues Plaintiffs fail to meet the constitutional standing outlined

---

[49] *Twombly*, 550 U.S. at 555.

[50] *See Kaiser Aluminum & Chem. Sales, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).

[51] Cnty. Def. Mot. 5.

[52] *Id.* 6.

[53] *Id.* 5.

[54] *Id.* 6.

by the Texas Supreme Court or United States Supreme Court.[55]  Therefore, the court proceeds with its analysis.

The Eleventh Amendment to the Federal Constitution bars federal courts from "entertain[ing] a private person's suit against a State."[56]  Supreme Court precedent interprets the amendment as States "retain[ing] their traditional immunity from suit, 'except as altered by the plan of the Convention or certain constitutional amendments.'"[57]  In *Ex Parte Young*, the Court established a limit to the Eleventh Amendment's sovereign immunity principle.[58]  There, the Court held if a state official seeks to enforce an unconstitutional legislative enactment, said official "comes into conflict with the superior authority of [the] Constitution, and he is in that case stripped of his official or representative character."[59]  Therefore, "the state has no power to impart to him any immunity from responsibility to the supreme authority of the United States."[60] This doctrine rests on the principle "that when a federal court commands a state official to do

---

[55] *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (To establish standing "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."); *Heckman v. Williamson Cnty*, 369 S.W. 3d 137, 154 (Tex. 2012) (The standing test under the Texas Constitution "parallels the federal test for Article III standing.").

[56] *Virginia Off. for Prot. and Advoc. v. Stewart*, 563 U.S. 247, 254 (2011).

[57] *Id.* at 253 (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[58] *Id.* at 254.

[59] *Ex Parte Young*, 209 U.S. 123, 159–60 (1908).

[60] *Id.* at 160.

nothing more than refrain from violating federal law, he is not in the State for sovereign-immunity purposes."[61]

Pursuant to *Ex Parte Young*, plaintiffs may sue State officials for prospective injunctive relief under federal law despite the Eleventh Amendment's language.  *Ex Parte Young* and its progeny allow suit when a state official has the authority to *enforce* an allegedly unconstitutional statute—not when the official has the authority to enact said statute.[62]  Plaintiffs are suing Defendant Sheriff Wiles in his official capacity as the El Paso County Sheriff.  Due to his ability to enforce S.B. 315 through his authority to issue licenses to dancers who wish to perform at an establishment such as Dreams, he does not enjoy immunity from suit.[63]

B.     First Amendment

County Defendants contend Plaintiffs have failed to state a claim upon which relief can be granted under the First Amendment as "[l]aws of general application which restrict a person's employment do not by themselves violate constitutional protections."[64]  Additionally, County Defendants argue "Plaintiffs have failed to establish how the prohibition of employment of 18 to 20 year olds has violated the freedom of expression and association."[65]  Likewise, State Defendants argue S.B. 315 does not violate the First Amendment either facially or as-applied to the facts of this case.[66]  Regarding the as-applied challenge, State Defendants contend the court "should apply the intermediate scrutiny standard required by [*United States*] *v. O'Brien*" as the

---

[61] *Stewart*, 563 U.S. at 254.

[62] *See Ex Parte Young*, 209 U.S. at 159–62.

[63] Index 43.

[64] Cnty. Def. Mot. 6 (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 941 (5th Cir. 1995)).

[65] *Id.* 7.

[66] State Def. Mot. 14–19.

law is a "time, place, and manner restriction of employment rather than speech, and because the speech at issue in this case is not inherently expressive."[67]  Regarding the facial challenge, State Defendants argue S.B. 315 does not violate the First Amendment as-applied, so it necessarily cannot be facially unconstitutional.[68]

       1.    <u>First Amendment As-Applied Challenge</u>

A party invoking the First Amendment's protection has the burden of proving it applies.[69] To determine whether an individual is entitled to First Amendment protection, the court "must first determine whether [the conduct at issue] constituted expressive conduct, permitting" invocation of the First Amendment.[70]  If the conduct was expressive, the court "next decide[s] whether the State's regulation is related to the suppression of free expression."[71]  If the State's regulation is not related to expression, the *O'Brien* test controls.[72]  If the regulation is expressive, the court must review the challenged law under "a more demanding standard."[73]

The Supreme Court has long rejected "the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea."[74]  However, when "[a]n intent to convey a particularized message was present,

---

[67] *Id.*

[68] *Id.* 18.

[69] *See Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984) ("Although it is common to place the burden upon the Government to justify impingements on First Amendment interests, it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies.").

[70] *Texas v. Johnson*, 491 U.S. 397, 403 (1989) (citing *Spence v. Washington*, 418 U.S. 405, 409–11 (1974)).

[71] *Id.* (citing *United States v. O'Brien*, 391 U.S. 367, 377 (1968); *Spence*, 418 U.S. at 414).

[72] *Id.*

[73] *Id.*

[74] *O'Brien*, 391 U.S. at 376.

and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it," conduct is expressive enough to fall within the bounds of the First Amendment.[75]  The Court has also long held nude dancing performed for entertainment is expressive conduct protected by the First Amendment.[76]  Thus, the court finds the nude dancing involved in this case protected by the First Amendment.

Under *O'Brien*, S.B. 315 will be "sufficiently justified if [1] it is within [Texas'] constitutional power; [2] it furthers an important or substantial governmental interest; [3] the governmental interest is unrelated to the suppression of free expression; and [4] the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest."[77]  Plaintiffs concede Texas "had the constitutional power to enact the law and rooted it in the purported justification of combatting human trafficking and associated crimes."[78]  Thus, the only *O'Brien* factors Plaintiffs contest are the second and fourth.

Regarding the second factor, Plaintiffs argue banning 18- to 20-year-olds from working at all sexually oriented businesses "does not further the government's interest in combatting human trafficking and related crimes."[79]  State Defendants, however, contend regulating the secondary effect of sexually oriented businesses "is a compelling state interest in this case" as it allows the government to combat human trafficking.[80]  S.B. 315 "does not attempt to regulate the

---

[75] *Spence*, 418 U.S. at 410–11.

[76] *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000); *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 565–66 (1991) (plurality opinion); *Schad v. Mount Ephraim*, 452 U.S. 61, 66 (1981).

[77] *O'Brien*, 391 U.S. 376.

[78] Not. Removal, "First Amended Original Petition for Declaratory and Injunctive Relief Under the Uniform Declaratory Judgment Act" ("Am. Pet.") 140, ECF No. 1-5, Ex. 4.

[79] *Id.*

[80] State Def. Mot. 16.

primary effects of the expression, *i.e.*, the effect on the audience of watching nude erotic dancing, but rather the secondary effects, such as the impacts on public health, safety, and welfare. . . ."[81]   Additionally, to survive the second *O'Brien* factor, the State need only show "a reasonable belief that there is a link between the regulation and the curbing of the identified secondary effects."[82]   The State has provided evidence and testimony supporting its belief that regulating employment at sexually oriented businesses is linked to curbing human trafficking.[83] Thus, the State has met the second *O'Brien* factor.

S.B. 315 also survives the fourth *O'Brien* factor.   Plaintiffs contend the restriction is "far greater than essential [as a] state's interest in protecting children from trafficking and sexual exploitation . . .  does not justify the total suppression of all forms of legitimate and lawful work that may be performed by 18-20-year-old adults at [a sexually oriented business]."[84]   The State Defendants argue "the prevention of human trafficking would be achieved far less effectively absent this total prohibition on [sexually oriented business] employment by younger Texans" as the "scourge of human trafficking is not limited solely to the stage at a strip club."[85]   The "requirement of narrow tailoring is satisfied 'so long as the . . . regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.'"[86]   The State has presented evidence human trafficking is prevalent at sexually oriented businesses.

---

[81] *City of Erie*, 529 U.S. at 291.

[82] *Doe I v. Landry*, 909 F.3d 99, 110 (5th Cir. 2018).

[83] *See* Hr'g Tr. 76:11–77:11.

[84] Am. Pet. 140.

[85] State Def. Mot. 17.

[86] *Landry*. 909 F. 3d at 111.

Moreover, the State has shown young people are particularly vulnerable to human trafficking as they tend to be "easier to manipulate."[87]  Therefore, the State has met the fourth *O'Brien* factor.

2.     First Amendment Overbreadth Challenge

"A law implicating the right to expression may be . . . invalidated on a facial challenge if 'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'"[88]  "[S]atisfying *O'Brien*, when that is the appropriate test, will usually obviate the need to analyze the different requirement that the 'overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep.'"[89]  As *O'Brien* is satisfied, the court does not find S.B. 315 constitutionally overbroad.

*C.     Fourteenth Amendment Equal Protection and Article I Equal Protection*

Plaintiffs also challenge S.B. 315 under the Equal Protection Clause of the Fourteenth Amendment and the Equal Protection Clause of the Texas Constitution as the law renders all individual Plaintiffs "categorically ineligible to provide any form of work involving expressive activity at or for" a sexually oriented business.[90]  Plaintiffs further argue S.B. 315 is unconstitutional as "it singles-out [sexually oriented businesses] for discriminatory treatment."[91]  The State Defendants argue S.B. 315 does not violate the Equal Protection Clause as "[k]eeping

---

[87] *See* Hr'g Tr. 70:11–71:23.

[88] *Voting for America, Inc. v. Steen*, 732 F.3d 382, 387 (5th Cir. 2013) (quoting *United States v. Stevens*, 559 U.S. 460, 473 (2010)).

[89] *Landry*, 909 F.3d at 111 (quoting *New York v. Ferber*, 458 U.S. 747, 770 (1982) (second-level quotations omitted)).

[90] Am. Pet. 136–38.

[91] *Id.* 137.

young people away from the [sexually oriented business] effect of human trafficking is rationally related to the State's legitimate interest in curtailing human trafficking."[92]

### 1.   Equal Protection Clause As-Applied Challenge

An "equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class."[93]   Age is not a suspect classification.[94] Thus, "the government 'may discriminate on the basis of age without offending' the constitutional guarantee of equal protection 'if the age classification in question is rationally related to a legitimate state interest.'"[95]   A government action will not be overturned under rational basis review "unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that [the court] can only conclude that the legislature's actions were irrational."[96]   "[B]ecause an age classification is presumptively rational, the individual challenging its constitutionality bears the burden of proving that the 'facts on which the classification is apparently based could not reasonably be conceived to be true by

---

[92] State Def. Mot. 25.

[93] *Mass. Bd. of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).

[94] *See id.* at 312–14 (stating, where the alleged suspect class is a group of officers over 50-years-old, "strict scrutiny is not the proper test" as the statute at issue does not impermissibly interfere with a fundamental right or operate "to the peculiar disadvantage of a suspect class").

[95] *Nat'l Rifle Ass'n of America, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 700 F.3d 185, 212 (5th Cir. 2012) (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000)).

[96] *Vance v. Bradley*, 440 U.S. 93, 97 (1979).

the governmental decisionmaker.'"[97]  Finally, the federal Equal Protection Clause's "analytical approach applies to equal protection challenges under the Texas Constitution."[98]

S.B. 315 does not violate Medina or Corral's equal protection rights.  Texas' interest in keeping young people away from the human trafficking effect of sexually oriented businesses is rationally related to its interest in combatting human trafficking.  The rational basis test is very deferential to a State's chosen efforts to confront a stated interest.  During the preliminary injunction hearing, the State's witness from the Attorney General's Human Trafficking and Transnational Organized Crime Unit testified to the State's reason for raising the minimum age of employment or contract work at sexually oriented businesses.[99]  The witness's testimony that "[t]he vast majority of sex trafficking victims, in the ten years [she] saw, were between the ages of 13 and 20" as a part of the basis for S.B. 315's enactment is rationally related to the State's interest in combatting human trafficking.[100]  As the court has already stated, age is not a suspect classification, and Plaintiffs have not shown their right to work at a sexually-oriented business is a fundamental right.  Therefore, Plaintiffs' have failed to state an equal protection claim on behalf of Medina and Corral.

Nor does S.B. 315 violate Dream's Equal Protection rights.  Despite Plaintiffs' argument that sexually oriented businesses have been unconstitutionally singled-out by S.B. 315, they fail to show how the law is not rationally related to Texas' intent to combat human trafficking.  It does not matter that Texas could impose restrictions on other industries to combat human

---

[97] *Kimel*, 528 at 84, quoting *Bradley*, 440 at 111.

[98] *Bell v. Low Income Women of Texas*, 95 S.W.3d 253, 266 (Tex. 2002).

[99] *See* Hr'g Tr. 75:25-77:11.

[100] *Id.*

trafficking.  All the court may consider under rational basis review is whether the legislature's actions were rationally related to its purpose.  The court finds they were.

2.  Equal Protection Facial Challenge

Plaintiffs' facial challenge to S.B. 315 also fails.  Facial challenges to statutes in non-First Amendment cases "will succeed only if the plaintiff establishes that the act is invalid under all of its applications."[101]  That S.B. 315 "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid. . . ."[102]  Plaintiffs' have not stated a claim for which relief can be granted as-applied.  Therefore, their facial challenge must be dismissed.

D.      *Fourteenth Amendment Due Process and Article 1 Due Course*

Plaintiffs final constitutional challenges to S.B. 315 are under the Due Process Clause of the Fourteenth Amendment and the Texas Constitution's Due Course of Law Protection.[103]  Plaintiffs contend S.B. 315 is invalid facially and as-applied to their case as the "increased minimum age requirements violate all of the individual Plaintiffs'[] substantive due process rights to enjoy occupational liberty without arbitrary interference from the State."[104]  Plaintiffs also argue S.B. 315 deprives them of "privileges, licenses, certificates, and franchises that qualify as property interests for purposes of procedural due process."[105]  The County Defendants

---

[101] *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 387 (5th Cir. 2013) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

[102] *Salerno*, 481 U.S. at 745.

[103] Am. Pet. 129–36.

[104] *Id.* 23.

[105] *Id.* 26 (quoting *Wells Fargo Armored Serv. Corp. v. Georgia Pub. Serv. Comm'n*, 547 F.2d 938, 941 (5th Cir. 1977) (internal quotations omitted)).

argue Plaintiffs' claims under these provisions fail as they "fail to establish how a judgment or order from this [court against the County Defendants] may provide relief to Plaintiffs."[106] The State Defendants also argue Plaintiffs' claims fail as Medina and Corral do not allege why requiring them "to forestall their careers as a particular kind of dancer in a particular kind of establishment runs afoul of the deferential due process standard."[107] Additionally, the State Defendants contend any loss of a sexually-oriented business license "by Plaintiffs is the result of a rationally-based exercise of police power in pursuit of a compelling and substantial state interest."[108] Finally, the State Defendants argue since Plaintiffs' cannot meet the as-applied burden, their facial challenges also fail.[109]

### 1.   Challenge Regarding Occupational Liberty Interests

The Fourteenth Amendment provides "a constitutionally protected liberty interest in pursuing a chosen occupation."[110]  "[T]he liberty component of the Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation."[111] This recognized interest is subject to the most deferential form of scrutiny—rational basis.[112] "Moreover, the burden is not upon the state to establish the rationality of its restriction, but upon

---

[106] Cnty. Def. Mot. 8.

[107] State Def. Mot. 21.

[108] *Id.* 22.

[109] *Id.*

[110] *Stidham v. Texas Commission on Private Sec.*, 418 F.3d 486, 491 (5th Cir. 2005).

[111] *Conn v. Gabbert*, 526 U.S. 286, 291–92 (1999).

[112] *See Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 487—88 (1955).

the challenger to show that the restriction is wholly arbitrary."[113]   Thus, the court must determine whether Plaintiffs have pleaded enough facts to state a claim showing Texas' age restrictions regarding employment at sexually-oriented businesses are not rationally related to Texas' interest in combatting human trafficking.

As the State Defendants note, "governments have long used age restrictions on employment to reduce young people's exposure to perceived social ills. . . ."[114]   Under the deferential rational basis review analysis, the court can only find S.B. 315 unconstitutional if Plaintiffs show that it is wholly arbitrary.  Plaintiffs plead no facts to suggest S.B. 315 is even merely arbitrary.  Further, the State has provided ample evidence showing its belief that restricting the age of employment at sexually oriented businesses is rationally related to its interest in combatting human trafficking.[115]   Therefore, the court cannot find they state a claim for which relief can be granted.

### 2.   Challenge Regarding Interest in Obtaining Licenses

"Privileges, licenses, certificates, and franchises . . .  qualify as property interests for purposes of procedural due process."[116]   However, "due process only becomes relevant where such property is 'deprived.'"[117]   Therefore, "to determine whether a constitutional violation has

---

[113] *Karr v. Schmidt*, 460 F.2d 609, 617 (5th Cir. 1972).

[114] State Def. Mot. 20.

[115] *See generally* Hr'g Tr. 67:16–79:13 (In her testimony for State Defendants, the Division Chief of the Texas Attorney General's Human Trafficking and Transnational Organized Crime Unit provided detail about the State Legislature's belief that the passage of S.B. 315 would aid the State in combatting human trafficking.).

[116] *Wells Fargo Armored Serv. Corp. v. Ga. Pub. Serv. Comm'n*, 547 F.2d 938, 941 (5th Cir. 1977).

[117] *Id.*

occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate."[118]

Again, the burden rests with Plaintiffs to show they have a property interest in a sexually oriented business license, and that interest was violated under the Due Process Clause. However, Plaintiffs' fails to allege exactly what license(s) they are entitled to, what privileges the license(s) may afford, or what process they were owed by Texas under the Constitution. The court emphasizes S.B. 315 is presumed to be valid under rational basis review, unless the Plaintiffs can meet their large burden. The Due Process Clause is only relevant when a property interest, such as a license, has been deprived. Plaintiffs argue "S.B. 315 has taken away, or at least threatens to take away, [Medina and Corral's] right to use [permits from the State of Texas and EL Paso County" to provide exotic dancing . . . **solely** because of their age."[119] Medina, however, has conceded despite being under 21-years-old at the time S.B. 315 went in effect, her license was renewed.[120] As such, Plaintiffs fail to meet their burden of pleading factual allegations to state a claim for relief.

3.   Vagueness Challenge

As stated above, facial challenges to statutes in non-First Amendment cases "will succeed only if the plaintiff establishes that the act is invalid under all of its applications."[121] That S.B. 315 "might operate unconstitutionally under some conceivable set of circumstances is

---

[118] *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).

[119] Am. Pet. 133.

[120] S.B. 315 was effective on May 24, 2021.  *See* TEX. S.B. 315, 87TH LEG. R.S. (2021).  During the court's preliminary injunction hearing, Medina stated she renewed her sexually-oriented business license "in September of 2021," and she will not be 21 until after September 2022.  *See* Hr'g Tr. 39:23–40:24.

[121] *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 387 (5th Cir. 2013) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

insufficient to render it wholly invalid. . . ."[122]  Plaintiffs have failed to state a claim for which

relief can be granted as-applied to their circumstances.  As this makes it impossible for the

statute to be invalid under all of its applications, their facial challenge to S.B. 315 must also be

dismissed.

IV.     **CONCLUSION**

Plaintiffs have failed to state a claim for which relief can be granted under the First

Amendment, Fourteenth Amendment Due Process and Equal Protection Clauses and the Texas

Constitution's equivalent provisions.  Therefore, all claims against the remaining County and

State Defendants must be dismissed.

Accordingly:

1. It is **HEREBY ORDERED** that "Defendants Ricardo A Samaniego's and Richard Wiles', in Their Official Capacities, Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)" [ECF No. 4] is **GRANTED**.

2. It is **FURTHER ORDERED** that "State Defendants' Motion to Dismiss" [ECF No. 7] is **GRANTED**.

**SIGNED AND ENTERED** this <u>14th</u> day of **June 2022**.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[122] *Salerno*, 481 U.S. at 745.